1   BRIAN J. STRETCH (CABN 163973)
    Acting United States Attorney
2

3   BARBARA J. VALLIERE ((DCBN 439353)
    Chief, Criminal Division

4   JULIE D. GARCIA (CABN 288624)
    Assistant United States Attorney
5
       450 Golden Gate Avenue, Box 36055
6      San Francisco, California 94102-3495
       Telephone: (415) 436-6758
7      FAX: (415) 436-7234
       Julie.Garcia@usdoj.gov
8
  Attorneys for United States of America
9

10                      UNITED STATES DISTRICT COURT

11                     NORTHERN DISTRICT OF CALIFORNIA

12                           SAN FRANCISCO DIVISION

13

| UNITED STATES OF AMERICA, | ) | CASE NO.: CR 17-302 WHO |
|---|---|---|
| Plaintiff, | ) | [PROPOSED] ORDER DETAINING DEFENDANT PRIOR TO TRIAL |
| v. | ) | |
| ANTONIO ROSALES, | ) | |
| Defendant. | ) | |

       On May 30, 2017, a grand jury returned an Indictment charging Defendant Antonio Rosales with a violation of Title 18, United States Code, Section 922(g)(1) – felon in possession of a firearm. Defendant came before this Court on June 13, 2017, for a detention hearing and was represented by his counsel, Assistant Federal Public Defender Grace DiLaura. Assistant United States Attorney Julie D. Garcia represented the United States. The government requested detention, submitting that no condition or combination of conditions would reasonably assure the safety of the community. Pretrial Services submitted a report recommending detention.

       Upon consideration of the Pretrial Services report, the court file, and the party proffers at the detention hearing, the Court finds by clear and convincing evidence that no condition or combination of

conditions will reasonably assure the safety of the community at this time. Accordingly, the Court orders Defendant detained pretrial, without prejudice to Defendant reopening the detention hearing with additional facts or proposed conditions.

This Order supplements the Court's findings at the detention hearing and serves as written findings of fact and statement of reasons as required by Title 18, United States Code, Section 3142(i).

The Bail Reform Act of 1984 sets forth the factors the Court must consider in determining whether pretrial detention is warranted. In coming to its decision, the Court has considered those factors, paraphrased below:

(1) the nature and seriousness of the offense charged;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person including, among other considerations, employment, past conduct and criminal history, and record of court appearances; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

In considering all of the facts and proffers presented at the hearing, the Court finds the following factors among the most compelling in reaching its conclusion that no combination of conditions can reasonably assure the safety of the community: Defendant's criminal history; the nature and the circumstances of the offense charged, including the fact that Defendant is alleged to have possessed five firearms; and Defendant's history while on supervision, including the fact that Defendant was on parole at the time of his arrest for the instant offense. Given the nature of the crimes as alleged, as well as the history and characteristics of the Defendant, the Court determines that, on the record before it, there is no condition or combination of conditions of release that can reasonably assure the safety of any other person and the community at this time.

Accordingly, pursuant to 18 U.S.C. § 3142(i), IT IS HEREBY ORDERED THAT:

(1) Defendant is committed to the custody of the Attorney General for confinement in a corrections facility;

(2) Defendant be afforded reasonable opportunity for private consultation with his counsel; and

(3) on order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which Defendant is confined shall deliver Defendant to an authorized Deputy United States Marshal for the purpose of any appearance in connection with a court proceeding.

This Order is without prejudice to reconsideration at a later date if circumstances change.

IT IS SO ORDERED.

June 13, 2017

_____
HON. LAUREL BEELER
United States Magistrate Judge

[PROPOSED] ORDER DETAINING DEFENDANT PRIOR TO TRIAL
17-302 WHO